

FILED
NOV 17 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Marc Pierre Hall
R# 11691-058
POB 2000 USP Hazelton
Bruceton Mills, WV. 26525 ,
(Full name under which you were convicted, prison number, place of confinement, and full mailing address)

Petitioner,

vs.

Warden S. Lovett ,
(Name of Warden or other authorized person where you are incarcerated)

Respondent.

**Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241** /Affidavit

Civil Action No. 5:23-CV-337
(to be assigned by Clerk)

Bailey/Mazzone/Prince

**Important notes to read before completing this form:**

★   Please read the entire petition **before** filling it out. Answer **only** those questions which pertain to your claim(s).

1.  This petition concerns (check the appropriate box):

    ☐ a conviction
    ☐ a sentence
    ☐ jail or prison conditions
    ☑ prison disciplinary proceedings
    ☐ a parole problem
    ☐ other, state briefly: _____

2

Attachment A

_____
_____
_____
_____

2. Are you represented by counsel?   ☐ Yes   ☒ No

   If you answered yes, list your counsel's name and address: _____
   _____
   _____

3. List the name and location of the court which imposed your sentence:
   US District Court, 401 W. Trade Street, Charlotte
   NC 28202.

4. List the case number, if known: 3:95-cr-05-01-FDW

5. List the nature of the offense for which the sentence was imposed:
   21 USC 846 ; 18 USC 924(c)(1) ; 18 USC 844(i)

6. List the date each sentence was imposed and the terms of the sentence:
   4/23/96 : 21 USC 846 (60 yrs); 18 USC 924(c)(1)
   (5yrs and 30yrs); 18 USC 844(i) (40 yrs); (as resentenced
   under the First Step Act) (2022).

7. What was your plea to each count? (Check one)

   ☐ Guilty
   ☒ Not Guilty
   ☐ Nolo Contendere

Attachment A

8. If you were found guilty after a plea of not guilty, how was that finding made?

   ☑ A jury
   ☐ A Judge without a jury
   ☐ A Magistrate Judge without a jury

9. Did you appeal from the judgment of conviction or imposition of the sentence?

   ☑ Yes    ☐ No

10. If you did appeal, give the following information for each appeal:

    A. Name of Court: US Court of Appeals 4th Circuit
    B. Result: Affirmed
    C. Date of Result: 11/17/97
    D. Grounds raised (List each one): Sufficiency of evidence; nexus requirement.

    Note: if you filed an appeal in more than one court, attach an additional sheet of paper of the same size and give all of the information requested in Question 10, A through D.

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? This is called a post-conviction pleading.

    ☑ Yes    ☐ No

    If your answer was yes, complete the following sections:

    A. First post-conviction proceeding:
       1. Name of Court: U.S District Court (WDNC)

4

Attachment A

    2. Nature of Proceeding: 2255 motion
    3. Grounds Raised: Numerous see pacer
    4. Did you receive an evidentiary hearing? ☐ Yes ☑ No
    5. Result: denied
    6. Date of Result: 10/2001

B. Second post-conviction proceeding: Please see Pacer numerous filings.
    1. Name of Court: _____
    2. Nature of Proceeding: _____
    3. Grounds Raised: _____
    4. Did you receive an evidentiary hearing? ☐ Yes ☐ No
    5. Result: _____
    6. Date of Result: _____

C. Did you appeal to the result of the post conviction proceeding(s) to the highest court having jurisdiction?
    1. First proceeding: ☑ Yes ☐ No  Result: Affirmed
    2. Second proceeding: ☑ Yes ☐ No  Result: Affirmed

D. If you did not appeal the adverse result of the post-conviction proceeding(s), explain briefly why not: _____

12. For your information, the following is a list of the most frequently raised grounds for relief in applications for habeas corpus pursuant to 28 U.S.C. §2241. You may raise any grounds which you may have other than those listed. However, in this application, you should raise all available grounds on which you base your petition. **Do not check** any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. **The petition will be returned to you if you merely check one or more of the grounds:**

    A. U.S. Parole Commission unlawfully revoked my parole.
    B. Federal Bureau of Prisons unlawfully computed my sentence.

5

Attachment A

C. Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
D. Federal Bureau of Prisons or State prison system unlawfully revoked my good time credits.
E. There is an unlawful detainer lodged against me.
F. I am a citizen and resident of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
G. The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a §2254 petition or a §2255 motion.

**CAUTION: if you fail to set forth all of the grounds in this petition at this time, you may be barred from presenting additional grounds at a later date.**

State clearly every ground on which you are seeking relief. Summarize briefly the facts supporting each ground. If necessary, attach a total of five (5) typed or ten (10) neatly printed pages maximum for all grounds and all attachments.

A. Ground one:
The BOP Agency has denied removal of (77) Incident reports and sanctions affecting classification & duration of custody that has denied compassionate release in violation of due process of law.

Supporting facts: tell your story briefly without citing cases or law. You are cautioned that you must state facts, not conclusion, in support of your grounds. A "rule of thumb" to follow is this: who did exactly what to violate your rights at what time and place).
Please see attached fully incorporated.

B. Ground two:

6

Hall v. Lovett
28 USC 2241
p. 10 (cont.) (1)
  A. Ground One.
Supporting facts (cont.) (Fully Incorporated):

   Hall has requested the BOP Agency via ad-remedy # 1129787 (attached) to remove (77) incident reports and attached sanctions that were incurred and are being enforced under my old Judgment. The old Judgment was nullified by the resentencing under the First Step Act (2018). Hall received a "new sentence" in (2022) in which a new (PSR) was issued. Further, the (77) incident reports directly impacted Hall's compassionate release as denied. The (77) incident reports affected duration of custody re: compassionate release. The BOP Agency is violating due process of law 5th amendment by: 1). enforcing the old Judgment and incident reports there under; 2). enforcing encumbrances of $141.00 derived from the incident reports, against the taking clause 5th amendment.
   Hall therefore claims that the old Judgment cannot be enforced by the BOP Agency to maintain
- (over) -

Hall v. Lovett
28 USC 2241
p.10 (cont.) (2)

such sanctions because he <u>received a "new sentence"</u> under the FSA (2018) and <u>not a "reduction of sentence"</u> as alleged by the BOP Agency.

Supporting Authority:
 The 4th Circuit has distinguished the terminology of "Imposing a new sentence" from "modify" or "reduce" between the FSA (2018) and 18 USC 3582(c)(2).
 First, district courts must accurately recalculate the Guidelines sentence range. Second and relatedly, the district court must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence. Third, the court must consider the 3553(a) factors to determine what sentence is appropriate. Under the FSA (2018) these requirements constitute "Imposing a new sentence". Unlike sentence modification proceedings under 3582(c)(2) - which limit use of the 3553(a) factors to determine simply whether to reduce a sentence to within a predetermined range. See United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021);

Hall v. Lovett
28 USC 2241
p.10 (cont.)(3)

United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021). Also see other cases in the 4th Circuit as adopted under recent law, Jones v. United States, 431 F.supp. 3d 740, 2020 U.S Dist. Lexis 7110 (4th Cir. 1/6/20)(holding that under the (FSA 2018) the Court is imposing a new sentence...); United States v. Hadden, 475 F.3d 652, 669 (4th Cir. 2007).

Conclusion

Hall's prior old Judgment is no longer "enforceable" by the BOP Agency and [all] Incident reports and [all] sanctions thereto must be released pursuant the new Judgment issued under the (FSA 2018).

I depose under penalty of perjury 28 USC 1746 the foregoing to be True.

7/4/23

Attachment A

Supporting facts:

C. Ground three:

Supporting facts:

D. Ground four:

10

Attachment A

Supporting facts:

_____
_____
_____
_____
_____

13. Were all of the above grounds presented to another court, state or federal? If not, state which grounds were not presented. If yes, state the name of the court, date of decision, and the nature of the outcome:
No.
_____
_____
_____
_____

14. If this petition concerns prison disciplinary proceedings, a parole problem, computation of sentence, or other case under 28 U.S.C. § 2241, answer the following questions:

   A. Did you present the facts in relation to your present petition in the prison's internal grievance procedure?

   ☑ Yes   ☐ No

   1. If your answer to "A" above was yes, what was the result:
   denied. See attached.
   _____
   _____
   _____
   _____

11

Attachment A

    2.    If your answer to "A" above was no, explain:

_____
_____
_____

  B.    If you are a federal prisoner, did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

        ☑ Yes    ☐ No

    1.    If your answer to "B" above was yes, what was the result: denied. See attached.

    2.    If your answer to "B" above was no, explain:

_____
_____

15.    Relief: State here, as briefly as possible, exactly what you want the court to do for you:

    1.    Make **no** legal arguments.
    2.    Cite **no** cases or statutes.

1). Order the response to the petition.
2). Order that [ALL] BOP Agency Incident reports under the old judgment to include [all] attached sanctions be released and removed from Hall's Sentry file.
3). Order the BOP Agency to operate its custody and classification of Hall under the new judgment pursuant the First Step Act (2018).
4). Any other appropriate relief necessary to protect due process rights and duration of custody concerns.

Attachment A

16. If a previous motion to vacate or modify a prisoner's sentence, pursuant to Section 2255, was not filed, or if such a motion was filed and denied, the reasons why Petitioner's remedy by way of Section 2255 is inadequate or ineffective to test the legality of the detention.

The present case involves administrative decisions by the BOP Agency involving due process and custody issues.

Signed this __13th__ day of __November__, __2023__.
(day)           (month)           (year)

_____
Your Signature

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state), under penalty of perjury, that the foregoing is true and correct.

Date of Signature: __11/13/23__       _____
Your Signature

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Marc Pierre Hall
#11691058
*Your full name*

v.

Warden Lovett

Civil Action No.: _____

_____

_____

*Enter above the full name of respondent in this action*

## Certificate of Service

I, Marc Pierre Hall (your name here), appearing *pro se*, hereby certify that I have served the foregoing 2241 writ'e ad-remedy #1129787 (title of document being sent) upon the respondent by depositing true copies of the same in the United States mail, postage prepaid, upon the following counsel of record for the respondent on None (insert date here): 11/13/23 Served on Court.

(List name and address of counsel for respondent)

1). Clerk's office U.S District Court
POB 471, Wheeling, WV. 26003

_____
(sign your name)