IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARC PIERRE HALL,**

        Petitioner,

v.                                       **Civil Action No.: 5:23-CV-337**
                                              Judge Bailey

**WARDEN S. LOVETT,**

        Respondent.

## ORDER DISMISSING CASE

Pending before this Court is Respondent's Motion to Dismiss, or in the alternative, for Summary Judgment [Doc. 8]. For the reasons stated below, the Motion will be granted.

*Pro se* Petitioner, Marc Pierre Hall, is a Federal Bureau of Prisons ("BOP") inmate currently designated to the United States Penitentiary in Bruceton Mills, West Virginia ("USP Hazelton"). On November 17, 2023, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner claims BOP denied removal of incident reports and sanctions, which have impacted his classification and duration in custody, resulting in denial of his compassionate release and in violation of due process law. Petitioner believes he received the incident reports under his "old judgment" and that was nullified by the resentencing court under the First Step Act ("FSA"), where he received a new sentence. Petitioner argues that a reduction in his life sentence to 95 years, counts as a new judgment, and all encumbered funds and incident reports should also be removed that he accrued during his life sentence.

Mr. Hall is currently serving a four-hundred-eighty month term of imprisonment followed by a five-year term of supervised release imposed by the United States District Court of the Western District of North Carolina for Damage of Real Property Affecting Interstate Commerce in violation of 18 U.S.C. § 844 and a thirty-five year sentence followed by a five-year term of supervised release for Possess Firearm, Destructive Device in Relation to Drug Trafficking Crime in violation of 18 U.S.C. § 924. Petitioner was originally sentenced to life for his Firearm conviction, but under the FSA, this was reduced to thirty-five years. Further, Petitioner is serving a seven-hundred-twenty month sentence for Conspiracy to Violate Narcotic Laws in violation of 18 U.S.C. § 846. Here, Petitioner was also originally sentenced to life, but the sentence was reduced to a seven-hundred-twenty month sentence under the FSA. In total, Petitioner is serving a 95 year sentence. Currently, Petitioner has a projected Good Conduct Time release date of September 10, 2075.

In this case, Mr. Hall's sentence was reduced under the FSA. Neither his sentence nor his conviction were vacated. If this were a completely new sentence, then would his time served or his good time carry forward?

The cases cited by Mr. Hall, **United States v. Collington**, 995 F.3d 347 (4th Cir. 2021), **United States v. Lancaster**, 997 F.3d 171 (4th Cir. 2021) and **Jones v. United States**, 431 F.Supp.3d 740 (E.D. Va. 2020), are not on point and provide no support for his argument.

While this Court has found no cases on point, it defies logic that the reduction and modification of a sentence under the FSA would cleanse an inmate's record of disciplinary

infractions. In a somewhat related case, Judge Brann of the Middle District of Pennsylvania rejected an argument that the enactment of the FSA's new good conduct time rules somehow erased all of a petitioner's disciplinary infractions. ***Powers v. Quay***, 2020 WL 3265360 (M.D. Pa. June 17, 2020).

This Court finds no merit in Mr. Hall's contentions. Accordingly, Respondent's Motion to Dismiss, or in the alternative, for Summary Judgment [**Doc. 8**] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 26, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE